1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

12  | JIM GRAMSTAD and AISAN
13  | ROUHANINIA ATHARI, individually
     | and as representatives of a Putative
14  | Class of Participants and Beneficiaries,
     | on behalf of all similarly situated
15  | participants and beneficiaries on behalf
     | of the VENTURA FOODS, LLC
16  | PROFIT SHARING 401(K) PLAN,
17  |

Case No. 8:22-cv-02290-MWC-JDE

**FINAL APPROVAL ORDER AND JUDGMENT**

18          Plaintiffs,

19          v.

20  VENTURA FOODS, LLC and DOES 1
    through 10,

21

22          Defendants.

23
24
25
26
27
28

**FINAL APPROVAL ORDER AND JUDGMENT**

WHEREAS, Plaintiffs and Class Representatives Jim Gramstad and Aisan Rouhaninia Athari, (collectively, "Plaintiffs") in the action, *Gramstad, el al., v. 99 Ventura Foods, LLC , et al.*, C.D. Cal. Case No. 8:22-cv-02290-MWC-JDE, on behalf of themselves and the Class and the Plan, on the one hand, and Defendants Ventura Foods, LLC ("Defendant"), on the other hand, have entered into a Settlement Agreement and Release dated April 5, 2024 (the "Agreement" or "Settlement Agreement"), which provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendants by the Class on the terms and conditions set forth in the Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, the capitalized terms not defined in this Final Approval Order and Judgment shall have the same meaning ascribed to them in the Agreement;

WHEREAS, by Order dated September 24, 2024 (the "Preliminary Approval Order" at ECF No. 57), this Court (1) preliminarily certified the Class for settlement purposes only; (2) preliminarily approved the Settlement; (3) appointed a Settlement Administrator; (4) directed notice be given to the Class and approved the form and manner of Notice; (5) approved the Plan of Allocation; and (6) scheduled a Fairness Hearing;

WHEREAS, the Court conducted a hearing on February 14, 2025 (the "Fairness Hearing") to consider, among other things: (1) whether the proposed Settlement on the terms and conditions provided for in the Agreement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court; (2) whether Class Counsel's Fee and Expense Application is reasonable and should be approved; (3) whether Plaintiffs' requests for Case Contribution Awards are reasonable and should be approved; and (4) whether this Final Approval Order and Judgment should be entered dismissing with prejudice all claims asserted in the Action against Defendants; and

WHEREAS, the Court having reviewed and considered the Agreement, all papers filed and proceedings held herein in the Action in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.  **Incorporation of Settlement Documents:** This Final Approval Order and Judgment incorporates and makes a part hereof: (a) the Agreement filed with the Court on April 5, 2024, including the exhibits submitted therewith; and (b) the Notice approved by the Court on September 24, 2024.

3.  **Class Certification:** The Court has held that the non-opt out Class should be certified under Federal Rule of Civil Procedure 23(a) and 23(b)(1), under the terms of the Agreement. The Court confirms that the class preliminarily certified under Fed. R. Civ. P. 23(b)(1) is appropriate for the reasons set forth in its Preliminary Approval Order, and hereby finally certifies the following non-opt-out class:

> All participants and beneficiaries of the Ventura Foods, LLC Profit Sharing 401(k) Plan beginning October 1, 2016, and running through March 31, 2024.

4.  **Notice:** The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of their right to object to the Settlement and appear at the Fairness Hearing, of Class Counsel's Motion for Attorneys' Fees, Reimbursement of

Expenses, and of the Class Representatives' request for Case Contribution Awards; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable law and rules.

5.    **Objections:** The Court finds that there were no objections submitted to the Settlement Agreement, to the Administration Costs, to the Motion for Attorneys' Fees, Reimbursement of Expenses, and the Class Representatives' request for Case Contribution Awards.

6.    **Final Settlement Approval:** Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves the Settlement and the terms therein as a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action. The Court finds that the Settlement is fair, reasonable, and adequate to the Plan and Class Members based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

    a.  The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

    b.  The Settlement was negotiated only after Class Counsel had conducted a pre-settlement investigation and received pertinent information and documents from Defendants in discovery;

    c.  Class Counsel and Plaintiffs were well-positioned to evaluate the value of the Action;

    d.  If the Settlement had not been achieved, Plaintiffs and the Class Members faced significant expense, risk, and uncertainty in connection with the litigation, which likely would have been prolonged;

    e. The amount of the Settlement is fair, reasonable, and adequate in light of the claims that were asserted, the risks of litigation, and settlements in other similar cases, and the Plan of Allocation is also fair, reasonable, and

appropriate;

f. The Class Representatives and Class Counsel support the Settlement, and
have concluded that the Agreement is fair, reasonable, and adequate;

g. Class Members had the opportunity to be heard on all issues relating to the
Settlement and the requested Administrative Expenses, Attorneys' Fees and
Costs, and Class Representatives' Compensation by submitting objections
to the Settlement Agreement to the Court. There were no objections to the
Settlement.

h. The Settlement also was reviewed by an Independent Fiduciary, who has
approved and authorized the Settlement.

7.    The Motion for Final Approval of the Settlement Agreement is hereby
GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable,
and adequate to the Plan and the Settlement Class, and the Parties are hereby directed
to take the necessary steps to effectuate the terms of the Agreement.

8.    Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses,
and Class Representatives' Case Contribution Awards, is hereby approved.
Attorneys' fees in the amount of $500,000 is awarded, with $325,000 to be
distributed to Christina Humphrey Law, P.C. and $175,000 to be distributed to
Tower Legal Group, P.C.  Expenses in the amount of $75,000 shall be reimbursed to
Class Counsel, with $22,075.55 distributed to Christina Humphrey Law, P.C. and
$52,924.45 to be distributed to Tower Legal Group, P.C.  Case contribution awards
in the amount of $7,500 each shall be distributed to the Class Representatives.

9.    Pursuant to, and in accordance with, Rule 23 of the Federal Rules of
Civil Procedure, this Court fully and finally approves the Settlement set forth in the
Agreement in all respects including, without limitation, the terms of the Settlement;
the releases provided for therein; and the dismissal with prejudice of the claims
asserted in the Action, and finds that the Settlement is, in all respects, fair,
reasonable, and adequate, and is in the best interests of Plaintiffs, the Class, and the

Plan. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions of the Agreement.

10.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Active Participant and each Authorized Former Participant pursuant to the Plan of Allocation.

11.     With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

12.     Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

13.     **Dismissal of Claims:** As of the Effective Date, all of the Claims against Defendants are dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Agreement.

14.     **Binding Effect:** The terms of the Agreement and of this Final Approval Order and Judgment shall be forever binding on Defendants, Plaintiffs, and all Class Members, as well as their respective current and former beneficiaries, heirs, descendants, dependents, marital communities, administrators, executors, representatives, predecessors, successors, and assigns, and as described under the Agreement.

15.     **CAFA:** Pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq., a separate notice of the Settlement ("CAFA Notice") was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor. All requirements of the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, et seq., have been met, and Defendants have fulfilled their obligations under CAFA.

16.    **Releases:** The releases of the Released Claims, as set forth in the Agreement (the "Releases"), are expressly incorporated herein in all respects. The Releases are effective as of the date of the entry of this Final Approval Order and Judgment.

17.    **No Admissions:** This Final Approval Order and Judgment, the Preliminary Approval Order, the Agreement, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be agreed-upon by the Parties or approved by the Court) and any other supporting papers, and any related negotiations or proceedings: (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any of the Defendants or Released Parties of wrongdoing or liability in the Action or any other proceeding; (b) are not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Agreement, whether affirmatively or defensively; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs, the Plan, or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable; and (e) shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Agreement is terminated. This Final Approval Order and the Agreement and any proceedings taken pursuant to the Agreement are for settlement purposes only.

18.    **Retention of Jurisdiction:** Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's Fee and Expense Application

and the Class Representatives' request for Case Contribution Awards; and (d) the Class Members for all matters relating to the Action.

19.  **Modification of the Agreement:** Without further approval from the Court, Plaintiffs and Defendants are authorized to agree to and adopt such amendments or modifications of the Agreement or any exhibits attached thereto to effectuate this Settlement that: (a) are not materially inconsistent with this Final Approval Order and Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.

20.  **Termination:** If the Settlement does not go into effect or is terminated as provided for in the Agreement, then this Final Approval Order and Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void, and be of no further force or effect, except as otherwise provided by the Agreement.

21.  **Entry of Final Judgment:** There is no just reason to delay entry of this Final Approval Order and Judgment as a final judgment with respect to the claims asserted in the Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Approval Order and Judgment.

**IT IS SO ORDERED**.

Dated:    February 14, 2025

_____
HON. MICHELLE WILLIAMS COURT
UNITED STATES DISTRICT JUDGE